78 269
d107 528

SINGLETON, HUNT & COMPANY *et al.* vs. PATILLO *et al.*

One creditor of an insolvent debtor cannot recover from another usury which has been paid to the latter by the debtor, either in money or in property.

(a) This case differs from that of *Pope vs. Solomons et al.*, 36 *Ga.* 541, where the usury had not been paid, but the money of an absconding debtor was in the hands of a trustee to be paid.

February 8, 1887.

Debtor and Creditor. Interest and Usury. Actions. Before Judge FORT. Lee Superior Court. March Term, 1886.

In January, 1885, Singleton, Hunt & Company and Greenfield & Brown, creditors by note of T. J. Patillo, presented their bill against him and N. & A. F. Tift & Company, alleging, in brief, as follows: Patillo had been dealing with Tift & Co. for a number of years, and they had been making advances to him and handling his crops. They charged usurious interest, and in this way created a claim for about $8,000, much of which consists of usury. They took a mortgage on the crop of Patillo to secure them therefor, but not covering his personal property. On December 28, 1884, Patillo entered into an agreement of sale with them, covering all of his personal property. The property so transferred largely exceeded in value the claim of Tift & Co. if purged of usury. Under this agreement, Patillo still remains in possession of the property, and would remain so and continue his farming operations under the name of Tift & Co., and any profit he may make will be paid to them and credited on their claim until fully paid, leaving no property with which to pay complainants. They charge that this arrangement is fraudulent as to them and made to hinder and delay creditors. Patillo is insolvent. The prayers were for injunction and receiver; that the contract between Patillo and Tift & Co. be declared void; that an account be taken, the claim of Tift & Co.

purged of usury, the legal amount due them be paid and the balance applied to the claims of complainants; also for subpœna and general relief.

The defendants demurred to the bill on the following grounds:

(1) There is no equity in the bill.

(2) As appears from the allegations of the bill, complainants have not reduced their claims to judgment, nor have they any specific lien on the property.

(3) It appearing from the bill that Patillo has turned over to Tift & Co. all the property, as a payment on the mortgage debt, Patillo is concluded thereby as to usury and all matters set up in the bill, and so likewise are complainants as his creditors.

(4) There is a misjoinder of parties.

(5) If complainants have any remedy, it is full and complete at law.

The demurrer was sustained, and the complainants excepted.

J. W. WALTERS; WRIGHT & ARNHEIM, for plaintiffs in error.

C. B. WOOTEN, for defendants.

BLANDFORD, Justice.

The question in this case is, whether a creditor of an insolvent debtor can recover of another creditor of such debtor usury which has been paid by the debtor to such creditor, either in money or property.    It is contended by the plaintiff in error that a recovery can be had in such case; and the case of *Pope vs. Solomons et al.*, 36 *Ga.* 541, is relied on to sustain the proposition.    But in that case, it will be observed that usury had not been paid, and that the money of the debtor, who was an absconding debtor, was in the hands of a trustee to be paid to Solomons, but the payment had not been made.    Under such circum-

stances, the court in that case held that a court of equity would enjoin the payment of the money to Solomons upon a usurious contract, at the instance of a creditor who held a debt against the absent debtor not tainted with usury; but the facts in this case differ materially from the facts in that case. The question here is stated above, and no law has been shown to us, and we imagine none can be shown, which will authorize a creditor, under the facts stated in the bill in this case, to recover usury which has been paid to another creditor by an insolvent debtor. See the case of *Hicks vs. Marshall*, 67 *Ga.* 714; *Hull vs. Harris*, 70 *Ga.* 832. The right to set up usury as a personal privilege has been decided. 45 *Ga.* 519; 48 *Ga.* 58; 49 *Ga.* 45.

So we think that the decree of the court below sustaining the demurrer to this bill was right, and should be affirmed.